IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TERRY M. DUDLEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 19-2529-CM ) |
| NORTH KANSAS CITY HOSPITAL, et al., | ) ) |
| Defendants. | ) |

## **ORDER**

The pro se plaintiff, Terry M. Dudley, filed this employment discrimination action against her employer and various employees. The court previously denied plaintiff's motion to proceed *in forma pauperis*, but noted it was "not herein addressing whether plaintiff has filed this lawsuit in the correct U.S. District Court, given that all defendants appear to be residents of Missouri and the events giving rise to the lawsuit appear to have occurred in Missouri."[1] Plaintiff completed payment of the $400 filing fee on January 2, 2020, but the jurisdictional issue remains. By **February 21, 2020,** plaintiff must show cause in writing to the presiding U.S. District Judge, Carlos Murguia, why this case should not be dismissed for lack of jurisdiction or transferred to the Western District of Missouri.

When a party is granted leave to proceed *in forma pauperis*, § 1915(e)(2) requires the court to screen the party's complaint. Although § 1915 contains no express

---

[1] ECF No. 4.

Case 4:20-cv-00142-RK   Document 8   Filed 02/07/20   Page 1 of 3

authorization to do so, a district court may dismiss under § 1915 for lack of personal jurisdiction and for improper venue, even though such defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.[2]  A court may only consider personal jurisdiction and venue sua sponte, or on the court's own motion, "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[3]  "[T]he district court may dismiss under § 1915 only if 'it is clear that the plaintiff can allege no set of facts' to support personal jurisdiction or venue."[4]

Plaintiff alleges this court has diversity jurisdiction, and accordingly, must show that exercising jurisdiction is proper under the laws of the forum state and that doing so comports with the due process requirements of the Constitution.[5]  A court must have personal jurisdiction over all defendants in order to hear and decide a case.  Under the Due Process Clause, the court has personal jurisdiction over a nonresident defendant so long as the defendant purposefully established "minimum contacts" with the forum state.[6]  The court looks at whether a defendant has either "purposefully directed [her] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or

---

[2] *Trujillo v. Williams*, 465 F.3d 1210, 1216-17 (10th Cir. 2006).

[3] *Id.* at 1217 (quoting *Fratus v. DeLand*, 49 F.3d 673, 674-75 (10th Cir. 1995)).

[4] *Id.* (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)).

[5] *Hutton & Hutton Law Firm, LLC v. Girardi & Keese*, 96 F. Supp. 3d 1208, 1215 (D. Kan. 2015).

[6] *US Bioservices Corp. v. Lugo*, No. 08-2342-JWL, 2008 WL 4747473, at *1 (D. Kan. Oct. 23, 2008) (citing *Intercon, Inc. v. Bell Atlantic Internet Solutions, Inc.,* 205 F.3d 1244, 1247 (10th Cir. 2000)).

relate to those activities."[7]  Alternatively, the court may have jurisdiction "if the defendant's contacts with the forum state, while unrelated to the alleged activities upon which the claims are based, are nonetheless 'continuous and systematic.'"[8]

Based on the record, plaintiff has not shown that the court has personal jurisdiction over defendants.  The addresses associated with defendants in the complaint are all in Missouri, and the allegations in plaintiff's complaint appear to have occurred in the workplace, located in Missouri.[9]  There is no indication defendants have any contacts with Kansas.  Based on the present record, this court may not have jurisdiction to hear this case.  If so, the court may dismiss the case, or, more likely, transfer the case to the Western District of Missouri.  Plaintiff shall therefore show cause by **February 21, 2020** why this case should not be dismissed or transferred for lack of personal jurisdiction.

IT IS SO ORDERED.

February 7, 2020, at Kansas City, Kansas.

                          s/ James P. O'Hara
                          James P. O'Hara
                          U. S. Magistrate Judge

---

[7] *Id.*

[8] *Id.*

[9] ECF No. 1.

3